**THYPIN STEEL COMPANY,**
Plai ntiff-Counter-Defendant-
Appellee-Cross-Appellant,

Donbakraft Ltd., Claimant–Appellee–
Cross–Appellant,

v.

ASOMA CORPORATION, Claimant–
Defendant–Appellant–Cross–
Appellee,

Certain Bills of Lading Issued for a
Cargo of 3017 Metric Tons, More or
Less, of Hot Rolled Steel Plate Laden
on Board the M/V Geroi Panfilovsky,
Defendant–Counter–Claimant,

John Farkas, Ulrich Boenzli, Metall
Und Rohstoff A.G., Defendants.

No. 02–9466(L), 02–9468(XAP).

United States Court of Appeals,
Second Circuit.

Dec. 15, 2003.

Alfred J. Kuffler, Philadelphia, PA, for Appellees–Cross–Appellants.

Present: POOLER, B.D. PARKER, and WESLEY, Circuit Judges.

## SUMMARY ORDER

Asoma Corp. ("Asoma") appeals the district court's denial of their summary judg-

ment motion, the grant of Thypin Steel Company's ("Thypin") summary judgment motion and the decision to hold Asoma liable for Thypin's attorney's fees. Thypin cross-appeals the district court's dismissal of its in personam tort claims.

Familiarity is assumed as to the facts, the procedural context, and the specifications of appellate issues. Generally, Thypin claims that a load of steel that was originally intended for it was delivered to Asoma following a series of unlawful transactions. Thypin was purchasing the steel from a Swiss/Ukranian company and Donbakraft Ltd. ("Donbakraft") was serving as its middleman. Thypin, through Donbakraft, claims ownership of the steel based on the fact that the bill of lading issued by the carrier was to the order of Donbakraft. In addition, Thypin brings several in personam tort claims against Asoma and the parties that helped execute their transactions.

Both parties agree that the UCC should apply in their dispute. We agree with the analysis of the district court, which relied on *Manny v. Wilson*, 137 A.D. 140, 122 N.Y.S. 16, 19 (1st Dep't 1910), to conclude that because the bill of lading contains the phrase "to the order of" it is automatically negotiable. While Asoma suggests that we should transpose the strong anti-negotiability bias of Article 3 of the UCC (Commercial Paper) to Article 7 (Documents of Title), this argument was not presented to the district court and we will not consider it now. See *Baker v. Dorfman*, 239 F.3d 415, 420–21 (2d Cir.2000) (while this Court has the authority to consider arguments that were not presented to the district court, this authority is discretionary).

Asoma also argues before us, but did not argue to the district court, that the fact that the bill of lading was not delivered to Donbakraft or Thypin would normally speak strongly against their ownership of the steel. We decline to consider this argument. *Id.* We, therefore, affirm the decision of the district court that the steel properly belongs to Thypin through Donbakraft.

The district court also awarded attorney's fees to Thypin. The district court relied on *American Nat'l Fire Ins. Co. v. Kenealy*, 72 F.3d 264 (2d Cir.1995), which provides that "[t]he general rule [is] that the award of fees and expenses in admiralty actions is discretionary with the district judge upon a finding of bad faith." *Id.* at 270 (internal citation omitted). We do not find clear error in the district court's factual finding that Asoma acted in bad faith. Thus, we affirm the district court's decision to grant attorney's fees.

Finally, Thypin cross-appeals the district court's decision to dismiss its in personam tort claims against Asoma. It argue that dismissing its claims with prejudice was clear error by the district court and seeks the opportunity to replead its claims. In dismissing these claims, the district court concluded that Thypin's amended complaint properly stated claims for conversion and tortious interference against M & R, but not against Asoma. We find this determination to be erroneous, given that at this stage, the complaint should have been construed in the light most favorable to Thypin and that Thypin modeled its complaint directly on Form 11 and used the general term "defendants" in its allegations. Furthermore, because the district court properly found that M & R was acting as Asoma's agent and that M & R and Asoma were acting in bad faith, it appears that Thypin's conversion and tortious interference with contract claims against Asoma are otherwise capable of withstanding a motion for summary judgment. This leads us to conclude that it was clear error for the district court to dismiss Thypin's conversion and tortious interference with contract claims with

prejudice. Therefore, we vacate the district court's dismissal of these claims with prejudice and remand to the district court so that Thypin may amend its complaint and continue to pursue these claims. However, we affirm the district court's dismissal of Thypin's fraud, conspiracy and RICO claims.